IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES DEULEY and BOBBIE DEULEY, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. H-05-04253 |
| | § | |
| CHASE HOME FINANCE LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant Chase Home Finance LLC's Motion to Dismiss or, Alternatively, Motion for More Definite Statement (Document No. 4). Having considered the request, submissions, and applicable law, the Court determines the motion should be granted in part and denied in part.

## BACKGROUND

Plaintiffs James and Bobbie Deuley (collectively, "the Deuleys") assert state law claims of misrepresentation and estoppel against Chase Home Finance LLC ("Chase"), the mortgage holder on their Porter, Texas home.[1]  When the Deuleys purchased their home in 2000, they executed a purchase money promissory note payable to Chase that

---

[1]The Deuleys initially filed in the 410th Judicial District Court of Montgomery County, Texas.  On December 15, 2005, Chase removed the suit to federal court on the basis of diversity jurisdiction.

was secured by a deed of trust lien on the property.[2]   Thereafter, the Deuleys were unable to make their monthly mortgage payments to Chase for an unspecified time period after James Deuley lost his job.   When he secured new employment, the Deuleys allege they resumed mortgage payments to Chase.   However, the couple contends Chase refused to accept and then returned those payments.   Additionally, the Deuleys assert they contacted Chase about the returned payments and to inquire about the availability of a repayment or loan assistance program.   The couple alleges Chase orally agreed to  accommodate their request for assistance with their note obligations, but subsequently denied their application for assistance.

Chase denies the Deuleys' allegations.   On December 23, 2005, Chase moved to dismiss the Deuleys' claims, arguing they are barred by the Texas requirement that loan agreements, such as the alleged oral agreement upon which the couple seeks relief, be in writing.   Alternatively, Chase  seeks a more definite statement arguing the Deuleys have not sufficiently stated their claims against it.

## LAW & ANALYSIS

Chase seeks to dismiss all of the Deuleys' claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Specifically, Chase argues  the alleged oral statements outlined by the Deuleys do not support the misrepresentation and estoppel claims and are barred by the Texas statute

---

[2]The original loan was for the amount of $69,307.

2

of frauds.

When reviewing a Rule 12(b)(6) motion to dismiss, the court must view the complaint in the light most favorable to the plaintiff and accept all facts in the complaint as true. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). In addition, a district court must limit itself to the contents of the pleadings, including attachments thereto, to determine whether a claim has been stated. *Id.* The district court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Collins*, 224 F.3d at 498 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead specific facts, not merely conclusory allegations. *Id.* However, "the Court need not accept legal conclusions . . . ." *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)); *see also Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971) (stating the court is "required to accept only well-pleaded facts as true, not the legal conclusions that may be alleged").

A. Statute of Frauds

Chase moves to dismiss the misrepresentation and estoppel claims as being barred by the statute of frauds.  Chase contends the alleged oral agreement is a loan agreement as defined by Section 26.02(a)(2) of the Texas Business and Commerce Code ("Code").   TEX. BUS. & COM. CODE ANN. § 26.02(b) (Vernon 2005).[3]  As such, Chase argues the alleged oral agreement is subject to the statute of frauds because the Code requires such loan agreements to be in writing. § 26.02(b).  Any contract subject to the statute of frauds that is not in writing is unenforceable under Texas law.  *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).  Thus, Chase concludes Texas law bars the Deuleys' misrepresentation claim because it stems from the alleged oral agreement, which was never reduced to a writing and therefore is barred by the statute of frauds.

Because the Deuleys' original note was for $69,307, it is subject to the statute of frauds.  *Id.*  The parties do not dispute the fact that the original loan agreement complies with the statute of frauds.  However, the Deuleys' misrepresentation claim involves a subsequent oral agreement that allegedly modified the terms of the original loan by allowing the couple to enter into a loan assistance or repayment plan.  When

---

[3]The Code states that a "loan agreement in which the amount involved in the loan agreement exceeds $ 50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative."  *Id.*

a modification encompasses or relates to a matter that must be in writing, the modification is unenforceable unless it is also in writing. *See, e.g., Garcia v. Karam*, 276 S.W.2d 255, 257 (Tex. 1955). The oral modification in this case relates to the original loan agreement, which must be in writing because it exceeds $50,000. Thus, the modification is also required to be in writing to comply with the statute of frauds. *See* § 26.02(a)(2) (stating that any promise, undertaking, commitment, or agreement where a financial institution loans, delays repayment, agrees to loan or delay repayment, or otherwise make a financial accommodation to which the amount in question exceeds $50,000 must be in writing). Because the modification was oral and never reduced to writing, it is unenforceable. *See id.*; *see also Ford v. City State Bank of Palacios*, 44 S.W.2d 121, 137-38 (Tex. App.—Corpus Christi 2001, no pet.).

An exception to the requirement that oral modifications of certain contracts be in writing may arise when the parties to a written contract "agree orally to extend the time of performance, so long as the oral agreement is made before the expiration of the written contract." *See Triton Commercial Props., LTD., v. Norwest Bank Texas*, 1 S.W.3d 814, 818 (Tex. App.—Corpus Christi 1999, *pet. denied*) (citing *Dracopoulas v. Rachal*, 411 S.W.2d 719, 721 (Tex. 1967)). However, this exception does not apply if the oral modification materially alters the underlying contract or otherwise differs so much as to make the modification a new contract. *See id.* (citing *King v. The Texacally*

5

*Joint Venture*, 690 S.W.2d 618, 619 (Tex. App.—Austin 1985, writ ref'd n.r.e.)); *see also Vendig v. Traylor*, 604 S.W.2d 424, 247 (Tex. Civ. App.—Dallas 1980, writ ref'd n.r.e.). The Deuleys do not allege that Chase agreed to extend the time of performance; rather, the Deuleys claim they applied for a specific program altering their obligations under the original loan and came to an oral agreement with Chase regarding this program. Therefore, the Court finds the exception to the oral-modification rule does not apply in this case because the modification would materially alter the underlying contract. *Id.*

Moreover, even if the Deuleys claim the oral agreement constituted a completely new contract and not an oral modification, the statute of frauds still applies. The Deuleys argue that their agreement with Chase was for an assistance program designed to delay repayment or otherwise financially accommodate them. Under Texas law, a loan agreement includes agreements to "delay repayment of money" or "to otherwise extend credit or make a financial accommodation." § 26.02(a)(2). Hence, the Court concludes the alleged oral agreement, even standing alone, is subject to the statute of frauds and therefore unenforceable. *See Barnett v. Legacy Bank of Tex.*, 2003 Tex. App. LEXIS 8873, No. 11-02-00114-CV, at *16 (Tex. App.–Eastland Oct. 16, 2003, pet. denied) (stating that a material oral modification to a loan agreement as defined in Section 26.02 of the Code is itself subject to the statute of frauds).

B.     Misrepresentation Claim

The Deuleys allege that Chase made material misrepresentations when encouraging them to apply for its loan assistance program.  The Court notes, however, that the record does not clearly indicate whether the Deuley's misrepresentation claim is one based on fraud or negligence.  Either way, under Texas law, a plaintiff generally "may not recover in tort for claims arising out of an unenforceable contract under the statute of frauds."  *See Hugh Symons Group v. Motorola, Inc.*, 292 F.3d 466, 470 (5th Cir. 2002) (citing *Haase v. Glazner*, 62 S.W.3d 795, 799 (Tex. 2002)).  However, the Texas Supreme Court has stated that the statute of frauds does not bar tort claims relating to unenforceable contracts to the extent the plaintiff's tort claim seeks out-of-pocket damages incurred in reliance on the defendant's misrepresentations and not the benefit-of-the-bargain damages.  *See Motorola*, 292 F.3d at 470 (citing *Haase*, 62 S.W.3d at 799-800); *Smith v. BCE, Inc.*, No. SA-04-CA-0303-XR, 2004 U.S. Dist. LEXIS 24967, at *9 (W.D. Tex. Dec. 9, 2004) (same); *Prokopeas v. Rapp Collins World Wide, Inc.*, No. 3:03-CV-1944-D, 2004 U.S. Dist. LEXIS 20507, at * 6-7 (N.D. Tex. Oct. 13, 2004).  In *Haase*, the court reasoned that when a plaintiff seeks out-of-pocket damages rather than benefit-of-the-bargain damages, the plaintiff is not attempting to enforce an otherwise unenforceable contract.  *Haase*, 62 S.W.3d at 799.

In the case at bar, the Deuleys allege damages in excess of $50,000.[4]  However, they do not clearly indicate the nature of such damages.  Therefore, because the Deuleys allege they suffered some type of damages, the Court denies Chase's motion to dismiss at this stage of the proceedings and instead grants its motion for a more definite statement so that the type of damages the Deuleys seek may be determined.

C.     Estoppel Claim

The Deuleys also seek relief based on estoppel.  In Texas, courts have recognized estoppel as both a defense to the statute of frauds as well as an independent cause of action.  *See, e.g., Ford*, 44 S.W.3d at 138-140 (citing *Wheeler v. White*, 398 S.W.2d 93, 96-97 (Tex. 1965)).  Because the petition does not indicate  whether the Deuleys claim estoppel as a defense to the statute of frauds or as an independent cause of action, the Court will analyze the claim under both theories.

1.     Estoppel as a Defense to the Statute of Frauds

Under the doctrine of promissory estoppel, a plaintiff may recover damages even in the absence of a contract.  *See, e.g., CRSS, Inc. v. Runion*, 992 S.W.2d 1, 6 (Tex. App.—Houston [1st Dist.] 1995, no writ).  To prevail on a promissory estoppel claim, the plaintiff must establish the following: (1) a promise; (2) foreseeability of reliance

---

[4]  In its removal notice, Chase asserts that the amount in controversy exceeds $75,000 based on the amount of debt allegedly owed to Chase by the Deuleys on the note and the $50,000 in damages the Deuleys seek.

thereon by the promisor; and (3) substantial reliance by the promisee to his detriment. *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983). Additionally, for estoppel to be an defense to the statute of frauds, the plaintiff must establish the existence of a promise to sign a written agreement that had been prepared and would satisfy the statute of frauds. *Nagle v. Nagle*, 633 S.W.2d 796, 800 (Tex. 1982).

In the instant action, the Deuleys assert that Chase orally assured them that their chances of being approved for the loan assistance program "looked good." However, the Deuleys have not alleged any facts regarding any promise by Chase to sign a written agreement that would have incorporated the alleged oral agreements regarding the financial assistance program. There are no allegations before the Court that Chase promised to sign an agreement that would satisfy the statute of frauds. Therefore, the Court concludes the Deuleys failed to allege any facts that would support a promissory estoppel claim as a defense to the statute of frauds. Thus, the Court will consider estoppel as independent claim.

### 2.    Estoppel as an Independent Cause of Action

Promissory estoppel is a cause of action available to a promisee who has acted to his or her detriment in reasonable reliance on an otherwise unenforceable promise. *Ford*, 44 S.W.3d at 140 (citing *Wheeler*, 398 S.W.2d at 96-97). Generally, estoppel "is a viable alternative to a breach of contract." *See id.* (citing *Allied Vista, Inc. v.*

*Holt*, 987 S.W.2d 138, 141 (Tex. App.—Houston [14th Dist.] 1999, pet. denied)). However, much like using promissory estoppel as a defense, Texas courts have held that if the underlying oral promise upon which the plaintiff bases its independent estoppel claim is barred by the statute of frauds, then "the plaintiff must show that the promisor promised to sign a written document that would satisfy the statute of frauds." *See, e.g., id.* (citing *Nagle v. Nagle*, 633 S.W.2d 796, 799-800 (Tex. 1982)).

As stated above, the Deuleys have failed to allege or provide any evidence indicating Chase promised to reduce their alleged oral promises to writing to satisfy the statute of frauds.  Consequently, the doctrine of promissory estoppel does not defeat Chase's argument that the statute of frauds bars the Deuleys estoppel claim, either as a defense to the statute of frauds or as an independent cause of action.  *See Maginn v. Norwwest Mortg. Inc.*, 919 S.W.2d 164, 168 (Tex. App.—Austin 1996, no writ) (stating that summary judgment with respect to an estoppel claim is proper when no evidence exists to establish an oral agreement to reduce an otherwise unenforceable promise to writing in satisfaction of the statute of frauds).  Therefore, the Court concludes the Deuleys have failed to state a claim regarding estoppel, and Chase's motion to dismiss as to estoppel should be granted.

<u>CONCLUSION</u>

Given the foregoing, the Court hereby

ORDERS that Defendant Chase Home Finance LLC's Motion to Dismiss or, Alternatively, Motion for More Definite Statement (Civil Document No. 4) is GRANTED IN PART and DENIED IN PART. Chase's motion is granted with respect to Plaintiffs James and Bobby Deuley's estoppel claim. Chase's motion is denied with regards to the Deuleys' misrepresentation claim. Additionally, Chase's motion for a more definite statement is granted as to the types of damages sought by the Deuleys for Chase's alleged misrepresentation. The Court further

ORDERS that Plaintiffs James and Bobby Deuley submit a more definite statement regarding the types of damages they seek no later than May 26, 2006.

SIGNED at Houston, Texas, on this 26th day of April, 2006.


_____

DAVID HITTNER

United States District Judge